Kirby MILLER et al., Appellants,

v.

Kyle MILLER, Appellee.

No. 3337.

Court of Civil Appeals of Texas.

Eastland.

July 12, 1957.

278

Charles Dean, Plainview, and John A. Coffee, Big Spring, for appellants.

George T. Thomas, Big Spring, for appellee.

LONG, Justice.

This is a proceeding to probate the alleged lost wills of H. S. Miller and his wife, Lizzie Miller, both deceased. This is the second appeal of this case. On the first trial, at the conclusion of the evidence, the court withdrew the case from the jury and rendered judgment refusing to admit the wills to probate. The proponent appealed. We held that the trial court erred in taking the case from the jury and that there were issues of fact which should have been submitted to the jury. Miller v. Miller, Tex. Civ.App., 285 S.W.2d 373. Upon the second trial the jury answered all issues submitted in favor of the proponent. Based upon the findings of the jury, the trial court admitted the alleged lost wills to probate. The opponents of the wills have appealed. H. S. Miller and wife had three children, Kyle Miller, who seeks to probate said wills, and Kirby Miller and Bessie Lloyd, who oppose such probate.

Appellants by their points one and two contend the court erred in submitting special issues numbers 1 and 4 because there were no pleadings to support said issues and they did not submit ultimate issues. These points are overruled. Special issue number 1 is as follows:

"Do you find from a preponderance of the evidence that Mrs. Lizzie Miller executed before H. H. Hurt and Larson Lloyd a will, the terms and provisions of which were the same as the terms and provisions of plaintiff's exhibit 1, introduced in evidence in this cause?"

Special issue number 4 was identical to issue number one except it pertained to H. S. Miller. The pleadings of appellee were amply sufficient to justify the submission

of these issues. Appellee's applications to probate the alleged lost wills of H. S. Miller and Lizzie Miller are in compliance with Article 3329 and Section 2 of Article 3330, Vernon's Ann.Civ.St., requiring that such applications set out "the contents of such will, as far as known". Each alleged that the will copied therein is a true and correct copy of the will sought to be probated. Each quoted the terms of the alleged lost wills in haec verba and alleged that such is the contents of the wills so far as known. Furthermore, the appellants did not except to said issues on the ground there was no pleading to support them. The issues submitted were ultimate issues of fact and were the proper issues to be submitted under the pleadings and the evidence.

Clyde Thomas, an attorney of Big Spring, Texas, testified that in 1945 he prepared wills for H. S. Miller and his wife, Lizzie Miller, according to their instructions; that he drew the instruments in his office making carbon copies thereof which he retained in his files and that exhibits 1 and 2 in evidence in the case are carbon copies of the original instruments delivered by him to H. S. Miller. Mr. Thomas testified that at the time he delivered the original wills to Mr. Miller that Mr. Miller said he would get "some of the boys" in the First National Bank to witness them. The evidence discloses that the main property owned by H. S. Miller and his wife consisted of three sections of land in Howard County, one section known as the "home" section, one as the "red barn" or "north" section and the other as the "creek" or "brush" section. Under the terms of the alleged lost wills, the home section was left to Kyle Miller, the red barn section to Bessie Lloyd and the creek section to Kirby Miller and the minerals in all of these sections were divided equally between the children. H. H. Hurt and Larson Lloyd, who were alleged to be the subscribing witnesses to the lost wills, both testified to witnessing a will or wills for Mr. and Mrs. Miller. Both of these gentlemen were connected with the First National Bank in Big Spring. They each testified that some time shortly after October, 1945, they went to the home of Mr. and Mrs. Miller at the request of Mr. Miller and there witnessed a will or wills for the Millers. They were not clear whether it was one will and a codicil or two wills. They each testified that they did not know the contents of the wills but they understood that each of the Miller children was getting a section of land. There is other evidence of the execution of the two wills, one of which was signed by Mr. Miller and the other by Mrs. Miller. There is evidence that these wills were witnessed by H. H. Hurt and Larson Lloyd. There is evidence that both Mr. and Mrs. Miller made statements that they had executed wills dividing their property as set out in copies of the alleged lost wills. We hold that the trial court did not err in submitting special issues numbers one and four.

By their point number three appellants assert the trial court erred in refusing to submit to the jury the following requested special issue:

"Do you find from a preponderance of the evidence that the two copies offered herein for probate as the last wills of H. S. Miller and Lizzie Miller are true copies of the will executed by them, the said H. S. Miller and Lizzie Miller, as testified to by the attesting witnesses H. H. Hurt and Larson Lloyd?"

We find no merit in this point. The requested special issue is not an ultimate issue of fact. The court having submitted the ultimate issues of fact, it was not encumbent upon him to submit other and different shades of the same issues. Rule 279, Texas Rules of Civil Procedure. Furthermore, the issue as framed was a comment upon the weight of the evidence. There was a conflict in the evidence as to whether Mr. and Mrs. Miller had executed two wills or one will jointly. It will thus be seen that an inquiry as to whether the copies were

"true copies of the will executed by them" would have been a direct comment upon the weight of the evidence. Rule 279, Tex. R.C.P.; Jones v. Rainey, Tex.Civ.App., 168 S.W.2d 507 (Writ Ref.).

By points four and five appellants contend the trial court erred in submitting special issues numbers two and five. Special issue number two is as follows:

"Do you find from a preponderance of the evidence that Lizzie Miller after execution of such will (if you have found that she did execute the same) did not destroy the same?"

Special issue number five makes the same inquiry as to H. S. Miller. By their point number six appellants contend the trial court erred in refusing to submit their specially requested issue number two which is as follows:

"Do you find from a preponderance of the evidence that the will or wills executed by H. S. Miller and Lizzie Miller, as testified to by the attesting witnesses, H. H. Hurt and Larson Lloyd, when last seen were not accessible to or in the possession of the said testators, H. S. Miller and Lizzie Miller?"

We find no merit in these points and they are overruled. Appellants objected to special issue number two because it did not submit the proper and ultimate issue of fact, that is, was the will, when last seen, in the possession of Lizzie Miller or accessible to her, because if, when it was last seen, it was in her possession or accessible to her, then the presumption is that she destroyed such will with the intention of revocation. Appellants made the same objection to special issue number five. We hold that under the evidence the ultimate issues of fact were whether H. S. Miller and Lizzie Miller destroyed the wills and, if they did destroy them, whether they did so with the intention of revoking them. These issues were properly submitted to the jury. The issues as to whether Lizzie Miller and H. S. Miller had possession of the wills when last seen is an evidentiary issue, not an ultimate issue. The court, without any objection, placed the burden on the appellee to establish that H. S. Miller and wife did not destroy the wills. The law is well settled that if a lost will, when last seen, was in the possession of or within ready access to the testator, a presumption arises that it was destroyed by the testator with the intention to revoke it. McElroy v. Phink, 97 Tex. 147, 76 S.W. 753. This presumption, however, is not conclusive, but may be rebutted and merely places upon the proponent of the will the burden of proving that the testator did not destroy such will with the intention to revoke. Aschenbeck v. Aschenbeck, Tex.Civ. App., 62 S.W.2d 326. The court, therefore, gave appellants the benefit of this presumption by placing the burden of proof upon appellee in special issues numbers two and five. The appellants would have been entitled to an instruction on this presumption if a request therefor had been made, but, the appellants did not make such request. Special issue number two requested by appellants was not an ultimate issue of fact and is not a proper issue. It is multifarious in that it contains an inquiry as to both Mr. and Mrs. Miller, that is to say, it inquires of the jury whether both Mr. and Mrs. Miller had possession of the wills when they were last seen. This was not a proper issue and the court, therefore, did not err in refusing to submit it.

By their point number seven appellants say the trial court erred in overruling their objection to the court's charge which is as follows:

"There is no proof of revocation and the issue of non-revocation is not properly submitted."

We find no merit in this point. The objection to the court's charge is too vague and indefinite to meet the requirements of Texas R.C.P. 274. It does not point out which issue in the court's charge that it

applies to. It does not state distinctly the grounds on which the objection is based.

By point number eight appellants say the court erred in overruling their motion for a new trial because there was no proof warranting submission of issues as to the execution of separate wills by H. S. Miller and Lizzie Miller. This point is overruled. We think the evidence is sufficient. There is sufficient evidence to sustain a finding that Mr. and Mrs. Miller executed separate wills. As had been heretofore stated, there was evidence from several witnesses that they had seen the two wills and that one of them was signed by Mrs. Miller and the other by Mr. Miller and that each was witnessed by H. H. Hurt and Larson Lloyd. There is evidence that the attorney for the testators drew separate wills and kept a carbon copy of each will. These carbon copies are in evidence. Without detailing the evidence, we have concluded that it is sufficient to sustain a finding that Mr. and Mrs. Miller executed separate wills.

See also 270 S.W.2d 672.

We have examined all points of error raised by appellants and find no reversible error in any of them. The judgment is affirmed.