Gloria Faye ENGLISH et vlr, Appellants,

v.

H. H. HEGI et al., Appellees.

No. 6955.

Court of Civil Appeals of Texas.

Amarillo.

June 13, 1960.

Crenshaw, Dupree & Milam, Lubbock, Chas. H. Dean, Plainview, for appellants.

Richard F. Stovall, Floydada, for appellees.

DENTON, Chief Justice.

This suit was instituted by appellee, H. H. Hegi, individually and as next friend for his minor son, David Hegi, for property damages and personal injuries sustained by the 15 year old minor son, as a result of a collision at an intersection between an automobile driven by Gloria Faye English, appellant, and a motorcycle driven by the minor. The case was tried before a jury. Based upon the jury verdict, the trial judge entered a judgment awarding

damages to appellee H. H. Hegi individually in the amount of $598.63 and to David Hegi, the minor, the sum of $4,000.

The automobile-motorcycle collision occurred on June 6, 1958 at the intersection of 4th and Ash Streets in the City of Plainview. Mrs. English, defendant below, approached the intersection on 4th Street proceeding in an easterly direction, and appellee's son David Hegi was approaching the intersection on Ash Street proceeding in a northerly direction. A stop sign faced Mrs. English as she approached the intersection, and her uncontradicted testimony was that she stopped before proceeding into the intersection. She further testified she looked in both directions before entering the intersection, but that she did not see David Hegi until just before the impact which was 6 feet north of the south curb line of 4th Street and 26 feet east of the west curb line of Ash Street. The impact was in the southeast quadrant of the intersection. The motorcycle struck the English automobile in the right side just back of the right front fender. It is undisputed that the minor son of appellee was injured, having received a fractured skull as well as a concussion and lacerations about the head. He remained in a state of unconsciousness and semi-consciousness for several hours after the collision, and was confined to the hospital for a period of 7 days. The jury found the hospital and doctor bills amounted to $528.48.

In response to the special issues submitted, the jury found: that Gloria Faye English failed to keep a proper lookout; that such failure was a proximate cause of the collision; that Mrs. English drove into the intersection when David Hegi was approaching so closely as to constitute an immediate hazard; that Mrs. English failed to yield right of way; that such failure was negligence (the jury answered this issue "Partially, yes."); and that such negligence was a proximate cause of the collision. The jury further found that David Hegi was operating his motorcycle at an exces-sive rate of speed, but that such speed was not negligence; that he was not driving at a speed in excess of 30 miles per hour; that he did not fail to keep a proper lookout; that he could not have avoided the collision by turning to the right and that he did not fail to yield the right of way. In addition, the jury found that the collision was not the result of an unavoidable accident.

In appellants' first two points of error it is contended the damage issue as it pertained to future pain and suffering was not supported by any evidence or insufficient evidence. Appellants also challenge the court's instruction dealing with the appellee minor's reduced earning capacity after reaching his majority. After submitting the damage issue, the trial court properly confined the damages the jury was allowed to assess as those that would "in reasonable probability" be incurred as a result of the negligence of the appellant. Texas has long followed the so-called "reasonable probability" rule as to future personal injuries. Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Tex. 73, 15 S.W. 556; Houston & T. C. Ry. Co. v. Fox, 106 Tex. 317, 166 S.W. 693; Galveston, H. & S. A. Ry. Co. v. Powers, 101 Tex. 161, 105 S.W. 491; Port Terminal Railroad Ass'n v. Ross, 155 Tex. 447, 289 S.W.2d 220. We are of the opinion the trial court correctly followed the law in the language used in the instructions complained of.

In reviewing the case in the light of appellants' contention that there is no evidence or insufficient evidence to support the future pain and suffering, and the future reduced earning capacity, we have carefully examined the statement of facts. Dr. Gilmer Johnson, who first treated the boy in the hospital emergency room, testified the minor suffered a fractured skull and a concussion and that five stitches were taken in his head. The doctor personally went with the Hegi boy in an ambulance to Lubbock to be examined and treated by a specialist there. X-rays revealed a fracture of the skull, and the doctor testified the fracture

had healed with a slight displacement and a slight depression in the skull. The boy's mother also testified in some length concerning his injuries, treatment and complaints from the time of the collision to the time of the trial.

■ The existence of physical pain and suffering may be presumed in cases where it is the natural consequence of an injury such as that received by the appellee here. 13 Tex.Jur., Sec. 285, page 478; Citizens' Ry. Co. v. Branham, Tex.Civ.App., 137 S. W. 403; Austin Road Co. v. Thompson, Tex.Civ.App., 275 S.W.2d 521. We are of the opinion the evidence of the injuries sustained by the minor was sufficient to support the special issue as submitted.

Another element of the court's instruction complained of dealt with the future earning capacity of David Hegi. Although he was a high school student at the time of the collision, he had worked afternoons and Saturdays for a local florist. The injuries prevented him from working for the remainder of the summer of 1958, but during the following school year he did work for the same employer to a somewhat reduced extent.

■ In a personal injury suit the amount which the plaintiff might have earned in the future is always uncertain, and must be left largely to the sound judgment and discretion of the jury. Proof is required to show the extent and amount of the damages. But the proof in such cases will vary according to the peculiar facts of each case. International & G. N. R. Co. v. Simcock, 81 Tex. 503, 17 S.W. 47; McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710. Here the minor was primarily a student, therefore it would be extremely difficult to offer proof of his earning capacity. In such cases the jury must determine the value of his lost earning capacity from their common knowledge and sense of justice. Texas & P. R. Co. v. O'Donnell, 58 Tex. 27; Missouri, K. & T. Ry. Co. of Texas v. Johnson, Tex.Civ.App., 37 S.W. 771; Mc-

Iver v. Gloria, supra. We are of the opinion the evidence and physical facts shown was sufficient to support the jury's answer to the general damage issue. The first two points of error are overruled.

Appellants' next two points deal with the trial court's refusal to submit special issues requested by appellants concerning failure of David Hegi to apply his brakes as soon as a person of ordinary prudence would have done, and whether David Hegi failed to keep his motorcycle under proper control. These two defensive elements were pleaded, and proper issues were timely requested.

■ It is the general rule that a party has a right to an affirmative submission to the jury of any fact or group of facts pleaded by him and supported by material evidence. On the other hand, Rule 279, Vernon's Ann. Texas Rules, requires the trial court to submit only the controlling issues raised by the pleadings and evidence. Various phases or different shades of the same issue are not required. The jury found David Hegi had not failed to keep a proper lookout, and even though he was driving at an excessive rate of speed it was not negligence. We are of the opinion that the submission of issues on proper lookout and excessive speed precludes the trial court from submitting the issue of proper control. Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143; Texas & New Orleans Railroad Co. v. Pettit, Tex.Civ.App., 290 S.W.2d 730; Blaugrund v. Gish, 142 Tex. 379, 179 S.W.2d 266.

In answer to special issues Nos. 7 and 8, the jury found David Hegi could not have avoided the collision by turning to the right, and that he had the right of way. In view of these findings, we are of the opinion the issue requested by appellants concerning the failure of David Hegi to apply his brakes was not an ultimate issue. We do not think such an issue was controlling, and the trial court did not err in refusing to submit such an issue. Miller v. Miller, Tex.Civ.App., 304 S.W.2d 277, no writ his-

tory; Booker v. Baker, Tex.Civ.App., 306 S.W.2d 767, refused n. r. e. Points of error 3 and 4 are therefore overruled.

By the last three points of error appellants contend the answers of the jury to the issues finding appellee David Hegi was not negligent in the various instances mentioned above was so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

No authorities need to be cited for the proposition that the jury is the exclusive judge of the facts presented and the weight to be given to the testimony, but the jury is not at liberty to disregard the undisputed evidence and decide issues merely in accordance with their personal wishes.

We have carefully considered and weighed all the evidence presented in this case in the manner required as we understand the rule laid down by the Supreme Court in the case of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. In applying the rule thus laid down, we have considered the evidence which supports the jury verdict and evidence that tends to be to the contrary. We conclude that the jury findings in this case are not so contrary to the overwhelming weight and preponderance of all the evidence as to be clearly wrong and manifestly unjust. We therefore overrule appellants' points of error 5, 6 and 7.

Being of the opinion that the record reveals no reversible error, the judgment of the trial court is affirmed.