Delwood Morris LOCKE, Appellant,

v.

W. C. RATLIFF, Appellee.

No. 7088.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 16, 1961.

Rehearing Denied Nov. 13, 1961.

Albert Smith, Lubbock, for appellant.

R. C. Hamilton, Kolander, Moser & Templeton, Amarillo, for appellee.

CHAPMAN, Justice.

This is an appeal from a judgment of the court below for personal injuries, loss of earnings, and property damages, based upon a jury verdict. The litigation grew out of an automobile intersection collision. Appellee, W. C. Ratliff, was plaintiff below. Defendant below, Delwood Morris Locke, being a minor, Albert Smith was appointed his attorney and guardian ad litem. Appeal was perfected by the minor individually and by his guardian ad litem. The parties will hereafter be referred to as appellant and appellee.

Appellant's first point asserts error of the trial court in refusing to give the following special issue and accompanying instruction, together with its negligence and proximate cause components:

"(a) Do you find, from a preponderance of the evidence, that on the occasion in question Mr. Ratliff failed to grant the right of way to the car being driven by Delwood Locke?

"You are instructed that when two vehicles enter the intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, unless, there is a stop sign or yield right of way sign, properly placed and properly erected by the proper authority, requiring traffic approaching the intersection from another direction to stop or yield the right of way."

Taking the evidence in its most favorable light to the appellant the appellee was proceeding south at 20 miles per hour on Lincoln St., a two way street in the city of Amarillo.[1] Appellant testified he was going east at about 30 miles per hour on 11th St. and was traveling in the north lane on a one way street. He also testified:

"Q. At about what part of that intersection did the collision happen? A. Not far from the center."

The physical facts show without controversy that the front part of appellant's automobile struck the right rear door of appellee's car, whirling it around to where it was facing west when it stopped. From this state of facts it would indicate that appellee's machine entered the intersection first, since it was traveling south, was struck at a time when the two machines were not far from the center of the intersection, and only lacked the distance from its rear door to the back of its car of having sufficiently cleared the intersection for appellant's machine to have passed through the intersection behind appellee's car even though appellant was traveling one third faster.

Appellant did not request an issue as to whether the two vehicles entered the intersection at approximately the same time within the purview of Article 6701d, Section 71(b), Vernon's Ann.Civ.St., nor did his explanation permit such consideration by the jury in order to find that appellee failed to grant the right of way. To the contrary, the explanation given in connection with the requested issue simply assumed that they entered at approximately the same time, an assumption that could not be made as a matter of law from the facts in this case.

There is the question in this case of a stop sign at the intersection which required those traveling on 11th street to stop before proceeding into the intersection of Lincoln at 11th street. However, there is evidence to the effect that the sign had been pushed out to the edge of the southwest corner of the intersection and that the word "Stop"

1. Appellee testified he was going 15 to 20 miles per hour.

was not visible to appellant as he approached Lincoln street. Additionally, the jury found there was not a stop sign facing appellant. Therefore, we are giving the appellant the benefit of that testimony and finding, but even in doing so we still have to hold that the trial court correctly refused the required issue and accompanying instruction because it assumed the cars entered the intersection at approximately the same time.

■ This court has heretofore approved an instruction relative to the legal rights of persons operating motor vehicles at street intersections given in connection with issues inquiring of the jury who entered the intersection first or if they entered the same time.[2] There we said: "The trial court's instructions correctly pronounce the law in regard to the right of way at intersections and *made the law applicable to both parties in submitting the issues above referred to.*[3] No such issues were tendered in connection with appellants issue here complained about but such issue and instruction assumed the vehicles entered the intersection at the same time. We therefore find no error in the record before us of the trial court's refusal to give the issue as requested, the driver to the right not being entitled to the right of way under Art. 6701d, Sec. 71(b), unless they entered the intersection at approximately the same time.[4]

■ Appellant also complains of the failure of the trial court to give his requested issue No. 2 which reads as follows:

"Do you find, from a preponderance of the evidence, that the failure of Mr. Ratliff to apply his brakes in time to avoid the collision, and his failure to sound his horn and in that manner warn the defendant that he did not intend to yield the right of way, if you

have found he did not intend to yield the right of way, was negligence?

"Answer Yes or No.

"Answer ————."

As may be readily seen, this requested issue is duplicitous and multifarious, requiring a finding in one question of failure to apply brakes, failure to sound the horn, and a finding that appellee did not intend to yield the right of way.

Rule 277, Vernon's Ann.Texas Rules of Civil Procedure, provides in part that "* * * special issues shall be submitted distinctly and separately and each issue shall be answered by the jury separately * * *." Rule 279 provides in part as follows: "Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment."

We do not believe the issue tendered with its component part is a proper one for global submission and therefore hold the trial court did not commit reversible error in refusing it in the form tendered. Appellant's next two points concern the alleged error of the court in permitting appellee's counsel to question witnesses concerning the stop sign over objections that there had been no showing that the sign was erected by proper authorities. Under our disposition of the case we believe that question is not of material significance. It is unnecessary for us to hold whether such evidence was or was not admissible because even if we should say, arguendo, it was not admissible there could not possibly have been any harm resulting from it under this record, since the stop sign does not figure in our disposition of the case. Rule 434, V.A. T.R.

---

2. Dallas Railway & Terminal Co. v. Orr, Tex.Civ.App., 210 S.W.2d 863.

3. The issues were those inquiring if plaintiff entered the intersection first, if defendant entered the intersection first, and if they entered at the same time.

4. All emphasis herein are ours unless otherwise shown.

Under the next point appellant urges error of the court in entering a judgment without giving appellant an opportunity to file a motion asking the court to disregard the jury finding of $300 difference in the market value of appellee's automobile immediately before and immediately after the collision.

■ Appellant's brief asserts that one of the counsel for appellee had what amounted to an understanding with appellant's counsel that judgment would not be entered until the latter had an opportunity to examine it and approve it as to form. Without knowledge of such understanding co-counsel for appellee, not of the same firm, presented the judgment to the trial court and it was signed and entered without counsel for appellant, who was in the trial of another case in another county, having the opportunity to examine the judgment and approve or disapprove it as to form. Though this writer as a trial judge always gave both parties an opportunity to examine judgments before entering them and to approve or disapprove them as to form, we do not feel justified in sending this case back for another trial in the absence of some rule of statute or case law permitting us to do so. Appellant admits by brief that he has found no authority to justify his position on this point. Neither have we found any specific authority. Rule 305, V.A.T.R., provides counsel for whom judgment is rendered shall prepare the form of judgment to be entered and submit it to the court. Rule 306a, V.A.T.R., provides in effect that judges are directed to cause, and attorneys . . . are directed to use their efforts to cause all judgments . . . to be reduced to writing and signed by the trial judge . . . . Neither of these rules provide that counsel for the losing side should be entitled as a matter of law to see the judgment before it is entered and we know of no rule that would give us the authority to reverse the case because such procedure was not followed. We believe justice would be better served if both parties were given the right to approve the judgment as to form before it is entered but we know of no authority by which we may require it under present existing rules.

■ Appellee next urges reversible error in Mr. Hamilton's closing argument wherein he said: "Bring back a verdict which will allow him to recover his damages."

Immediately following this statement Mr. Smith objected and moved the court to declare a mis-trial. The motion to declare a mis-trial was denied but the court instructed the jury to answer the questions as they found the facts to be without regard to the consequences.

After counsel had discussed the issues and argued to the jury as to how he thought they should be answered we believe it was improper for him to tell the jury to bring back a verdict which would entitle his client to recover his damages. However, we believe appellant has wholly failed to show from the record that such argument probably caused the rendition of an improper judgment in the case. Suit was for $7,500 for personal injuries and loss of earnings, and the testimony would probably have supported that much damages. The testimony was without contradiction that the difference in the value of appellee's automobile immediately before and immediately after the collision was $700. The jury only allowed $300 for his automobile and $1,950 for all other damages.

In an interpretation of Rule 434, V.A.T.R., our Supreme Court in Aultman et al. v. Dallas Railway & Terminal Co., 260 S.W.2d 596, 599, has said:

"Before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such as to satisfy the reviewing court that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case."

We are of the firm opinion that such argument did not cause the rendition of an

improper judgment. Both cases cited by appellant for his support on this point were decided before the new rules and under the presumed error doctrine. Such cases have little value as precedents. Aultman v. Dallas Railway & Terminal Co., supra.

Accordingly, the judgment of the trial court is affirmed.