**Katheryn WHITFILL, Appellant,**

v.

**Elmer Lee HUNT et al., Appellees.**

No. 7305.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 16, 1963.

Rehearing Denied Jan. 13, 1964.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Sam H. Allred, Lubbock, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellees.

DENTON, Chief Justice.

Elmer Lee Hunt, individually and as next friend for his minor daughter, sued appellant, Katheryn Whitfill, for injuries suffered by his wife and daughter growing out of an intersection collision in Lubbock, Texas. Trial was had before a jury and the jury answered the special issues in favor of the plaintiff and fixed plaintiff's damages at $2,500.00 for Hunt's wife and $500.00 for his daughter. The trial court entered judgment in accordance with the jury's verdict.

Hunt, accompanied by his wife and daughter, was driving his automobile in a northerly direction on Cherry Street and Miss Whitfill was driving alone in a westerly direction on Bates Street. The collision occurred at the intersection of these two streets. Both drivers were familiar with the streets. There were no traffic signals at the intersection. There were no obstructions except for a large truck loaded with lumber parked on Cherry Street to Hunt's right as he approached the intersection. There is some dispute as to how far it was parked from the corner, but it doesn't appear to have been close enough to have obscured the view of either driver. In response to the special issues submitted,

the jury found defendant Whitfill failed to keep a proper lookout; and that this was a proximate cause of the collision; that the defendant was driving at a high and dangerous rate of speed under the circumstances; that this was negligence and a proximate cause of the collision; that plaintiff Hunt did not fail to keep a proper lookout; that he did not fail to yield the right-of-way; that Hunt did not operate his automobile at an excessive rate of speed under the circumstances; and that the collision was not unavoidable.

■ Appellant's first four points of error complain of the trial court's failure to instruct the jury on the law regarding right-of-way, and contends there was no evidence and insufficient evidence to support the jury finding that plaintiff did not fail to yield the right-of-way. Appellant's requested instruction conformed with Section 71 of Article 6701d, Vernon's Ann.Civ.St., and read as follows:

"You are instructed that the term 'right-of-way,' means the privilege of the immediate use of the highway.

"You are further instructed that by the term 'highway' is meant the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for the purposes of vehicular traffic.

"You are further instructed that the driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway. When two vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right."

Unquestionably this requested issue was substantially correct, but the question is whether such instruction was necessary under this record.

We think this point has been determined adversely to appellant's contention by this Court in Locke v. Ratliff, (Tex.Civ.App.), 351 S.W.2d 649, (Refused, NRE). That case also involved an intersection collision and the refusal of the trial court to give a similar instruction on right-of-way under Section 71(b), Article 6701d. The court there held the refusal to give a similar instruction was not error for the reasons: (a) the physical facts showed the plaintiff's vehicle entered the intersection first; (b) defendant made no request of an issue as to whether the two vehicles entered the intersection at approximately the same time; and (c) the requested instruction simply assumed that they entered the intersection at approximately the same time, an assumption that could not be made as a matter of law under the facts of the case. We think this holding and reasoning is applicable to the facts and state of the record in the case at bar. We therefore conclude the trial court did not err in refusing to give the requested instruction.

■ Appellant next contends there was no evidence and insufficient evidence to support the jury finding that appellee did not fail to yield the right-of-way. This was a defensive issue based on appellant's pleadings. Two disinterested witnesses who were following appellee's car some one-half block or less testified appellee was about three-fourths of the way through the intersection when struck by appellant's automobile. Appellee's car was struck on the right rear behind the door and primarily on the right rear fender. Appellee testified the front end of his car was out of the intersection when his car was struck. Both appellee and his wife testified they saw appellant's car prior to their entering the intersection, and that both thought they would have been able to proceed through the intersection safely. The physical facts, including the point of impact in the intersection and the place at which appellee's car was struck, substantiates appellee's evidence. On the other hand appellant frankly admitted she did not see appellee's car

"until just about the point of contact." She later stated the front end of her car was about a "foot" from appellee's before she saw it. She testified that the sun prevented her from seeing appellee's automobile. No evidence was presented by appellant as to when she entered the intersection in relation to appellee's entry. The speed of the two cars was apparently about the same—estimated by various witnesses to be between twenty and thirty miles per hour. We conclude the jury's answers to this issue were supported by the evidence.

Appellant next contends the trial court erred in failing to submit requested issues relative to appellee's failing to apply his brakes; his failure to sound his horn; and his failure to have his automobile under proper control. In response to special issues submitted, the jury found appellee Hunt did not fail to keep a proper lookout; that he did not fail to yield the right-of-way; and that he did not operate his automobile as an excessive rate of speed. It is the general rule that a party has a right to an affirmative submission of any fact or group of facts properly pleaded and supported by material evidence. However, Rule 279, V.A.T.R., requires the trial court to submit only the controlling issues raised by the pleadings and evidence. Various shades of the same issue are not required. The issues of lookout; speed and right-of-way were submitted and answered adversely to appellant. We therefore conclude it was not error to refuse the submission of the issues complained of as they were included in the issues submitted. Blaugrund v. Gish, 142 Tex. 379, 179 S.W.2d 266; Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143; English v. Hegi, (Tex.Civ. App.), 337 S.W.2d 860.

Appellant's last group of points of error go to the trial court's instructions given in connection with the damage issues and the excessiveness of the amount of damages awarded by the jury. In submitting the two damage issues concerning alleged injury to appellee's wife and minor daughter, the trial court used the following phrases: "which in all reasonable probability resulted" and "has in all reasonable probability suffered." In both instances the court prefaced these phrases with the words "pain and suffering, if any." This saving clause eliminates any inference that the wording constitutes a suggestion and comment by the court that the wife and daughter sustained pain and suffering. Krottinger v. Marchand, (Tex.Civ.App.), 252 S.W.2d 217; Dallas Ry. & Terminal Co. v. Menefee, (Tex.Civ.App.), 190 S.W. 2d 150 (Writ Refused, W. M.) Appellant further complains of the court's instruction making reference to appellee's pleadings. The instruction read in part: "You are further instructed that you are to take into consideration only such items as are plead and supported by competent testimony." The record shows this phrase was in conformity with appellant's objection to the charge. This particular objection to the charge read in part: "—and in this connection defendant says that it would be improper to submit such issue [damage issue] without limiting instructions, particularly limiting the plaintiff to the proof in the case, and limiting the plaintiff to the pleadings in this case." Although it has been generally held to be error to submit special issues which refer to the pleadings for information necessary to enable the jury to make a finding of the issue, we are of the opinion appellant here is in no position to complain. This was a limiting instruction and in compliance with appellant's objection. Several other limitations were placed on the jury in answering the damage issue. Under the state of this record, we are of the opinion such an instruction was not error.

Appellant further contends the damages awarded were excessive. The jury allowed appellee's wife $2,500.00 damages and the five-year old daughter $500.00. In determining whether an award for damages is excessive, the court should consider the fairness and reasonableness of the award under the facts of the particular

case. We do not consider the awards excessive. Although neither injured person was hospitalized, it is undisputed injuries were suffered by both. They were thrown from the car, and the wife slid several feet upon the pavement. She complained of severe headaches, muscle spasm and a nervous condition which continued up until the time of the trial. She further testified medication was being taken up until the time of the trial. Her ability to perform her duties at the home and office had been impaired. The child received a severe cut on its lip with attending swelling and pain, and became very nervous as a result of the collision. Under these circumstances, we cannot say the awards were excessive.

The judgment of the trial court is affirmed.

Affirmed.