

# NUMBER 13-18-00492-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MARTIN CASTORENA JR.,**                                          **Appellant,**

**v.**

**LAURA PATRICIA CASTORENA,**                              **Appellee.**

---

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Perkes**

By a single issue, appellant Martin Castorena Jr. argues the trial court rendered

an improper judgment based on a settlement agreement when it denied appellant's trial

counsel "sufficient time to review the proposed divorce decree," conducted an ex parte

hearing, and proceeded on an entry of judgment absent appellant's trial counsel's approval as to form.[1] We affirm.

## I.    BACKGROUND

Appellant and appellee Laura Patricia Castorena, each represented by counsel, appeared at a final divorce hearing on April 17, 2018, and informed the trial court that they had reached a settlement agreement. No written agreement was offered into evidence, but the agreement was read into the record, and the following transpired:

| | |
|---|---|
| MR. MARTINEZ [Appellant's counsel]: | Are you asking the Court to approve this agreement? |
| [APPELLANT:] | Yes, I am. |
| MR. MARTINEZ: | Okay. I think that's it, Judge. |
| THE COURT: | No other questions? |
| MR. MARTINEZ: | I think we're okay. |
| THE COURT: | How [about] you, Ms. Vale [Appellee's counsel]? |
| MS. VALE: | No. I ask the Court [to] render. Because this is a Rule 11 Agreement. And I ask the Court to render this divorce as we have read into the record, and on the record. |
| MR. MARTINEZ: | No objection. |
| THE COURT: | What did you say, Counsel? |
| MR. MARTINEZ: | No objection to the Court rendering. |

---

[1] Martin does not present an argument explaining what error, if any, there exists with the judgment rendered by the trial court; rather, he generally states that "[t]he trial court rendered an improper judgment affecting the property division aspect of the case. . . ."

| | |
|---|---|
| THE COURT: | Divorce is granted. The agreement of the parties as testified to by the parties is approved by the Court. Who will prepare the decree? |
| MS. VALE: | I will prepare the decree, Your Honor. |
| THE COURT: | I just need the signatures of both Counsel, as to form only. |
| MS. VALE: | Okay. |
| THE COURT: | I will not require that the parties sign off on the decree. |
| MS. VALE: | Your Honor, I need the magic words "judgment is hereby rendered". |
| THE COURT: | Judgment is hereby rendered, as per the record. What else? Counsel. |
| MS. VALE: | That's it, Your Honor. |
| THE COURT: | You're excused. Thank you. |

On May 29, 2018, the parties reconvened for a hearing on the entry of judgment, and the trial court instructed the attorneys to review the written divorce decree prepared by Vale. When proceedings resumed, Vale notified the trial court that Martinez had "left" and "refuse[d] to sit down."

| | |
|---|---|
| THE COURT: | Well, did he have time to look at it in the jury room? |
| MS. VALE: | He didn't come in. He just walked away. |
| THE COURT: | Well, if that's the case, I can't prevent somebody from leaving the courtroom. But you've stated here on the record that— |
| MS. VALE: | It is based on the record. I went through the transcript, as provided by your Court Reporter, Ms. Robledo. |

3

| THE COURT: | The Final Decree you've presented to me reflects what was granted? |
|---|---|
| MS. VALE: | Yes, Your Honor. |
| THE COURT: | I will sign it. |

After an unspecified time, appellant's trial counsel returned to the courtroom:

| THE COURT: | Mr. Martinez, I already took care of your case. |
|---|---|
| MR. MARTINEZ: | We're not in agreement. I don't know why the Court did that. |
| THE COURT: | Well, Counsel, I did it because I told you all to meet. And then Ms. Vale came back, and she[,] on the record[,] stated that the decree reflected what was approved and ordered by the Court. And I took her word for it. |

On June 20, 2018, appellant filed a "Motion for Partial New Trial," arguing:

> The trial court erred and abused its discretion in denying Respondent sufficient time to review the proposed Divorce Decree which was presented by the Petitioner at the time of the hearing of Motion for Entry of Judgment. Petitioner had not provided a copy to Respondent before the hearing. The court erred and abused its discretion in conducting an ex parte hearing on May 29, 2018 without Respondent's attorney present and by signing Petitioner's proposed Judgment at that time. The trial court erred and abused its discretion in not following the established practice and procedure in the 275th District Court requiring the signature of all attorneys approving all judgments as to form. The above error amounted to such a denial of Movant's rights as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case.

Appellant's motion was overruled by operation of law, and this appeal followed.

## II. JUDGMENT

Appellant does not complain on appeal that the divorce decree fails to conform to the agreed terms of the settlement agreement, but rather, he argues as he did in his motion for new trial: the trial court erred in rendering judgment because appellant's

4

counsel lacked adequate time to review the proposed decree, the decree lacked appellant counsel's signature, and it was approved outside his presence.

Rule 11 of the Texas Rules of Civil Procedure states, "[u]nless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed, and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11; *see Highsmith v. Highsmith*, 587 S.W.3d 771, 775 (Tex. 2019) (per curiam) (discussing requisites of mediated settlement agreements under the Texas Family Code). "To be 'entered of record' includes the dictation of the agreement into the trial court record." *Kanan v. Plantation Homeowner's Ass'n Inc.*, 407 S.W.3d 320, 328 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.). Judgment is thereafter rendered when the trial court officially announces its decision in open court, and "[t]he words used by the trial court . . . clearly indicate the intent to render judgment at the time the words are expressed." *In re Vaishangi, Inc.*, 442 S.W.3d 256, 259 (Tex. 2014) (orig. proceeding) (per curiam) (quoting *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995) (per curiam)); *see also Hall v. Hall*, No. 05-16-01141-CV, 2018 WL 1373951, at *2 (Tex. App.—Dallas Mar. 19, 2018, no pet.) (mem. op.). Once a judgment is rendered by oral pronouncement, entry of a written judgment is purely a ministerial act. *Dunn v. Dunn*, 439 S.W.2d 830, 832 (Tex. 1969); *see Cook v. Cook*, 888 S.W.2d 130, 131 (Tex. App.—Corpus Christi–Edinburg 1994, no writ); *see also In re J.P.*, No. 13-18-00648-CV, 2020 WL 103858, at *3–4 (Tex. App.—Corpus Christi–Edinburg Jan. 9, 2020, pet. denied) (mem. op.). A party, however, has the right to revoke his or her consent to a Rule 11 agreement at any time before the rendition of judgment. *See Leal*, 892 S.W.2d at 858; *Kanan*, 407 S.W.3d at 329; *see also Interest of J.P.*, 2020 WL 103858, at *3–4.

Here, the trial court's oral language at the April 17, 2018 final hearing is unequivocal and constituted a rendition of a final judgment. The trial court stated, "Judgment is hereby rendered, as per the record." *Cf. James v. Hubbard*, 21 S.W.3d 558, 561 (Tex. App.—San Antonio 2000, no pet.) (finding the trial court did not demonstrate a clear intent to render a final judgment where the trial judge "never ordered, rendered, or granted," and he only told the parties he was "going" to grant it); *see also Hall*, 2018 WL 1373951, at *2 (finding the same). Additionally, at the time of rendition on April 17, 2018, the judgment that was rendered met the requirements for a mediated settlement agreement. *See Highsmith*, 587 S.W.3d at 775. Moreover, appellant has not provided us with caselaw, nor have we found any, that could support a conclusion that the trial court acts improperly when, *after* the rendition, it denies a party "sufficient time to review" the proposed divorce decree[2] and permits the entry of judgment absent a party counsel's presence and signature on the decree. On the contrary, we have previously held that where a divorce settlement agreement is read into the record, approved of and granted on the record, and the parties subsequently submit a decree only signed by one party, the trial court does not abuse its discretion in entering the judgment and thereafter

---

[2] We observe that the record reflects that the trial court gave appellant's counsel time to review the proposed decree:

| | |
|---|---|
| MR. MARTINEZ: | We haven't seen the decree at all. And I'm asking for more time. I can't just do it willy nilly the way she wants me to do it, without having time to go through it all. |
| THE COURT: | I'm giving you time, Counsel, so you can go to the jury room and look at it. |
| MR. MARTINEZ: | It is not a matter of five or ten minutes. |
| THE COURT: | Certainly. |
| MR. MARTINEZ: | Thank you. |

(The Court continued calling its Morning Docket.)

6

denying a motion for new trial on the basis that the entry of judgment lacked a party's signature. *Nava v. Nava*, No. 13-97-063-CV, 1998 WL 35277017, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 13, 1998, no pet.) (mem. op.); *see also In re J.P.*, 2020 WL 103858, at *4 (holding "because the trial court rendered judgment on that day, Mother's subsequent attempts to withdraw her consent were futile"); *see generally Sigma Sys. Corp. v. Elec. Data Sys. Corp.*, 467 S.W.2d 675, 677 (Tex. App.—Tyler 1971, no writ) ("As a matter of professional courtesy, . . . counsel may approve as a matter of form a proposed judgment. Such approval is not a condition precedent to the entry of the judgment by the Court."); *Locke v. Ratliff*, 351 S.W.2d 649, 652 (Tex. App.—Amarillo 1961, writ ref'd n.r.e.) (observing that while "justice would be better served if both parties were given the right to approve the judgment as to form before it is entered," there was "no authority" by which the appellate court could "reverse the case because such procedure was not followed"). We overrule appellant's sole issue on appeal.

## III.   CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Delivered and filed the
29th day of October, 2020.