**John Charles SPEARS, Jr., Relator,**

v.

**The Honorable Rene HAAS, Judge of the 94th District Court of Nueces County, Texas, Respondent.**

No. 13–86–275–CV.

Court of Appeals of Texas, Corpus Christi.

June 26, 1986.

---

1. The time for filing the statement of facts and all subsequent appellate steps shall run from the date of this opinion.

Milton Walton, Portland, for relator.

Jeanne Chastain, Corpus Christi, for respondent.

Before UTTER, BENAVIDES and DORSEY, JJ.

## OPINION

UTTER, Justice.

This is an application for a writ of mandamus. Relator seeks to have this Court order respondent to order relator's former wife, Sheryl Spears, to submit to a blood test for the purpose of determining paternity.

Relator and his former wife were divorced on November 20, 1984. The divorce decree found that the parties were the parents of three children. The former wife was named managing conservator of the children and relator was ordered to pay child support. On February 4, 1986, relator filed a petition for bill of review wherein he sought to overturn that portion of the divorce decree which found him to be the parent of the twin children. Relator alleged that he was not the biological father of the twins and that the trial court's findings in the divorce decree were due to the fraud and wrongful acts of his former wife. Relator further pled that he did not discover the fraud until after the time for appeal of the divorce decree had passed.

Pursuant to his bill of review, relator took the deposition of his former wife wherein she reiterated her position that relator was the father of the twins. Rela-

tor then sought to have his former wife and the twins voluntarily submit to serology testing. She refused. Relator then filed a "motion for testing to determine paternity." The trial court denied relator's motion after a hearing. Relator now seeks to have this Court order the trial court to order the testing.

Before we reach the merits of relator's application, we must place this matter in the proper context. A petition for bill of review must allege factually and with particularity that the judgment sought to be reversed was rendered as a result of fraud, accident, or wrongful act of the opposite party or official mistake, unmixed with the petitioner's own negligence. *Gracey v. West,* 422 S.W.2d 913 (Tex.1968); *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964). The petitioner must allege, by sworn facts, evidence sufficient to establish the defect in the prior judgment. As a pretrial matter, the petitioner must present prima facie proof of these contentions. *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex.1979). In fact, a prima facie case is established when it is determined that the petitioner's complaint is not barred as a matter of law and that he would be entitled to judgment on retrial if no contrary evidence was offered. *Id.* at 409.

Initially, we are faced with the unique question of whether a petitioner in a bill of review proceeding must establish his prima facie case for the granting of a bill of review before he may proceed with discovery in the portion of the suit to set aside the former judgment which has become final. While we believe, as a general rule, discovery is appropriate prior to the pretrial hearing at which the petitioner must prove his prima facie case for bill of review. However, we do not believe that the general rule encompasses serology testing to determine paternity until *after* the prima facie case has been established. The serological testing would not in any manner aid relator in establishing the elements necessary to show the prima facie grounds of fraud, accident, wrongful act of opposing party, or official mistake.

Relator's pleadings do not establish the requisites of a bill of review and lack the particularity necessary for the establishment of a prima facie case. Additionally, the record presently before this Court and before the court below establishes that relator would not be entitled to his bill of review. The deposition of the former wife which is included in the record before this Court clearly indicates that the relator had a vasectomy two years prior to the birth of the twins. If non-paternity is the basis of Relator's bill of review, then obviously, from the face of the record, the relator knew or should have known of circumstances which should have caused him to contest paternity of the children at the time of the divorce proceeding. Relator has presented no articulable reason for his suspicion that he is not the father of the twins.

Relator's motion for blood test was based on TEX.R.CIV.P. 167a. Rule 167a is a *discretionary* rule. The Rule has none of the mandatory language associated with the serology testing provisions of the Family Code. It was entirely within the discretion of the court below whether or not to order the serology testing under Rule 167a. Our mandamus jurisdiction is restricted to the enforcement of clearly defined ministerial acts. We will not issue a writ of mandamus to force a court to perform a discretionary act, unless the record clearly establishes that there was an abuse of discretion as a matter of law. *Peeples v. Fourth Court of Appeals,* 701 S.W.2d 635 (Tex.1985); *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex.1985); *Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105 (Tex.1985); *Shamrock Fuel and Oil Sales Co. v. Tunks,* 416 S.W.2d 779 (Tex.1967).

Relator has failed to plead or prove his prima facie case on his petition for bill of review. It was not an abuse of discretion for the trial court to have denied his discovery request under TEX.R.CIV.P. 167a. The application for writ of mandamus is DENIED.