No. 04-00-00762-CV



IN RE ATTORNEY GENERAL OF TEXAS



Original Mandamus Proceeding


Arising from the 25th Judicial District Court, Guadalupe County, Texas


Trial Court No. 00-0674-CV


Honorable Gus J. Strauss, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Karen Angelini, Justice

 

Delivered and Filed: January 3, 2001


PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED


 The Attorney General of Texas seeks mandamus relief from a trial court's order granting the
real party in interest, Steven Salinas, a bill of review and ordering that the parties submit to DNA
paternity testing. The Attorney General contends that the bill of review was improperly granted and
no adequate remedy exists to protect the rights of the minor child if he is required to submit to
paternity testing based on the improperly granted bill of review. We conclude that the trial court
erred in granting the bill of review. Therefore, we conditionally grant the writ of mandamus, and we
order the trial court to withdraw its order granting the bill of review and ordering paternity testing.

Background


 Salinas filed his petition for bill of review on May 8, 2000. In his petition, Salinas challenged
an order entered on May 22, 1997, finding that Salinas is the biological father of Eugene Gonzales
and ordering him to pay child support. The order was entered by default when Salinas, who was
properly served, failed to file an answer or make an appearance. In September of 1999, Salinas
appeared before the court on a motion to enforce and agreed to the entry of an order enforcing the
prior order and rendering an arrearage judgment.

 In his petition for bill of review, Salinas alleged that at the time Eugene was conceived,
Eugene's mother was married to another person, who is the presumed father of Eugene. Salinas
further alleged that this information was not brought to the attention of the trial court. In the
alternative, Salinas contended that he did not receive notice of the default judgment.

Discussion


 An erroneously granted bill of review is effectively a void order granting a new trial and is an
abuse of discretion that affords no adequate remedy at law. See In re National Unity Ins. Co., 963
S.W.2d 876, 877 (Tex. App.--San Antonio 1998, orig. proceeding). Accordingly, mandamus relief
is available if a bill of review is erroneously granted. Id.

 To be entitled to a bill of review, Salinas was required to prove (1) a meritorious defense to
the cause of action alleged to support the judgment; (2) which he was prevented from making by the
fraud, accident or wrongful act of the opposite party; (3) unmixed with any fault or negligence of his
own. See id. at 878. The trial court could not order DNA testing until after it properly granted
Salinas's bill of review. Spears v. Haas, 718 S.W.2d 756, 758 (Tex. App.--Corpus Christi 1986,
orig. proceeding).

 With regard to Salinas's allegation that he did not receive notice of the default judgment, no
evidence was presented at the trial court hearing to support this allegation. In fact, Salinas testified
that he did not file a motion for new trial because he did not have the money. This implies that
Salinas was aware of the judgment. In any event, the burden was on Salinas to prove that he did not
receive notice, and he did not meet that burden.

 With regard to Salinas's allegation that Eugene's mother failed to inform the court that she
was married at the time Eugene was conceived, Salinas did not present the record from the 1997
hearing to prove that the trial court was uninformed. Even assuming the trial court was not informed,
Salinas would not be entitled to the bill of review. First, the failure to inform the court would only
amount to intrinsic fraud, which cannot support a bill of review. See Montgomery v. Kennedy, 669
S.W.2d 309, 312-13 (Tex. 1984) (only extrinsic fraud will entitle bill of review petitioner to relief).
Second, at the trial court hearing, Salinas testified as follows:


 You have always believed that the child, Eugene, has not been your child?



 I always wanted to find out. I didn't know for sure if she was married.



 From the beginning?



 From the beginning, yes.



This testimony reveals that Salinas knew of the circumstances that caused him to doubt his paternity
in 1997 when the paternity order was entered. In addition, the record reveals that in a 1994
proceeding, Salinas requested paternity testing in response to a similar petition in an unrelated case,
demonstrating that Salinas was aware of the proper procedure to be used to challenge paternity.
Because Salinas failed to timely raise his defense, it is barred as a matter of law, and the trial court
erred in granting the bill of review and ordering paternity testing. See Ortmann v. Ortmann, 999
S.W.2d 85, 88-89 (Tex. App.--Houston [14th Dist.] 1999, pet. denied) (knowledge of grounds for
defense at time original judgment was entered precluded subsequent assertion of defense in bill of
review proceeding); Amanda v. Montgomery, 877 S.W.2d 482, 487 (Tex. App.--Houston [1st Dist.]
1994, orig. proceeding) (bill of review improper where petitioner knew of circumstances at time of
divorce that should have caused him to contest paternity); Spears v. Haas, 718 S.W.2d 756, 758
(Tex. App.--Corpus Christi 1986, orig. proceeding) (bill of review improper where relator knew or
should have known of circumstances which should have caused him to contest paternity at time of
divorce).

Conclusion


 Because the trial court erred in granting Salinas's bill of review, and because the trial court
could only order paternity testing if it properly granted the bill of review, we conditionally grant the
writ of mandamus. The writ will only issue if the trial court fails to withdraw its order granting the
bill of review and ordering paternity testing within ten days from the date of our opinion and order. 



 PHIL HARDBERGER, 

 CHIEF JUSTICE


DO NOT PUBLISH