**Clarissa Louise BAIZE, Appellant,**

v.

**John Thomas BAIZE, Appellee.**

**No. 14–01–00209–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 3, 2002.

---

Shawn Russel Casey, Houston, for appellants.

Patrice M. Barron, Houston, for appellees.

Panel consists of Justices YATES, FROST, and SEYMORE.

## OPINION

### KEM THOMPSON FROST, Justice.

In this case we address the timeliness of a paternity challenge made after rendition of judgment but before the trial court's entry of final judgment and the necessity, if any, for the appointment of an ad litem to represent the interests of the affected child under these circumstances. Appellant Clarissa Louise Baize ("Clarissa") appeals from the trial court's denial of her motion for new trial and requests that the court order her ex-husband, appellee John Thomas Baize ("John"), to undergo paternity testing to establish the paternity of J.T.B., whom they have reared since birth as their son. In two issues, Clarissa contends the trial court erred in denying her request for court-ordered paternity testing and in failing to appoint an ad litem to represent the interests of J.T.B. after she contested John's paternity. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Clarissa gave birth to J.T.B. on February 18, 1994. Less than a year later, Clarissa and John married. In January 2000, John filed for divorce from Clarissa. In June 2000, the parties entered into a mediated settlement agreement establishing the terms and conditions for possession and conservatorship of J.T.B., who was then six years old. The parties agreed that John would have primary possession with the right to determine the child's primary residence. Both parties had the opportunity to review and discuss these terms with their respective counsel before signing the agreement. The agreement expressly stated that any settlement reached as a result of the mediation would be binding on the parties. Both parties signed the agreement and their attorneys filed it with the trial court.

On September 18, 2000, the trial court conducted a hearing on the merits of John's divorce petition and on the parties' mediated settlement agreement. At the conclusion of the hearing, the trial court orally granted the parties' divorce, and the trial court also found the settlement agreement to be in the best interest of J.T.B. and entered the settlement agreement as an order of the court.

On November 2, 2000, after the trial court had orally granted the parties' divorce, Clarissa filed a denial of paternity, asserting that John was not the father of J.T.B. Clarissa requested court-ordered paternity testing. At a hearing on November 10, 2000, the court denied Clarissa's request for paternity testing, finding that, because judgment on the parties' divorce had been rendered on September 18, 2000, Clarissa's subsequent denial of John's paternity and her request for paternity testing were untimely. The trial court then signed the final divorce decree in conformity with the parties' mediated settlement agreement, thereby adjudicating John as the biological father of J.T.B.

Clarissa filed a motion for new trial, asserting that, because she had raised the issue of paternity, the trial court erred in granting a divorce decree which named John as the biological father. The trial court denied Clarissa's motion for new trial. Clarissa now appeals the trial court's denial of her motion for new trial and her request for court-ordered paternity testing.

## II. STANDARD OF REVIEW

We will not disturb the trial court's refusal to grant a new trial absent a clear

abuse of discretion. *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85–86 (Tex. 1992); *Platt v. Platt*, 991 S.W.2d 481, 482 (Tex.App.-Tyler 1999, no pet.). A trial court abuses its discretion by acting arbitrarily, unreasonably, or without regard to guiding legal principles or by ruling without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex.1998).

## III. ANALYSIS

### A. *Did the trial court abuse its discretion in denying as untimely Clarissa's motion for new trial, which was based on her request for paternity testing?*

In her first issue, Clarissa contends she is entitled to a new trial because the trial court erred in granting the parties' final divorce and in denying her request for paternity testing after she filed a motion contesting John's paternity of J.T.B. A man is presumed to be the biological father of a child born before marriage if he: (1) voluntarily asserted his paternity of the child; and (2) is either named as the father on the child's birth certificate or obligated to support the child under a written promise or court order. TEX. FAM.CODE § 151.002(a)(3)(B),(C). This presumption, however, is rebuttable. *Id.* The biological mother may contest the presumption of biological fatherhood provided in Chapter 151 by expressly denying the man's paternity of the child in her pleadings or by making a written statement denying his paternity. *Id.* § 160.101(b). If a question of paternity is raised, the trial court must conduct pretrial proceedings, and it shall order the parties to submit to scientifically accepted paternity testing. *Id.* § 160.101(c).

Clarissa concedes that she did not raise the issue of paternity until after the trial court orally granted the parties' divorce and entered judgment in conformity with the settlement agreement. Nevertheless, she maintains that when she expressly denied in writing John's paternity of J.T.B., the trial court was required to order the parties to submit to paternity testing. Clarissa argues that, notwithstanding the timing of her denial of John's paternity, the issue must be resolved by a trial on the merits or an agreement based on evidence supported by scientific parentage testing. Clarissa, however, does not cite any cases supporting her contentions, nor has our own research revealed any.

■ At the conclusion of the September 18 hearing, the trial court made the following oral pronouncement:

The Court, then, having considered the testimony and the pleadings, finds that your marriage has become insupportable, that there is no expectation that you two could get back together even though one of you may have wanted to continue the relationship. If the other party is not willing to, then that possibility of getting back together may not be there. So, I find that there is no expectation of reconciliation.

I further find that the agreements that you've reached with respect to your son are in your son's best interest and therefore will approve and adopt those agreements as the order of this court.

. . .

I'll grant your divorce today. Your entry is 9–29–00 at 9:00 a.m.

A judgment is "rendered" when the matter submitted to the court for adjudication is officially announced either orally in open court or by memorandum filed with the clerk. *Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex.1982); *Oak Creek Homes, Inc. v. Jones*, 758 S.W.2d 288, 290 (Tex.App.-Waco 1988, no writ). During the September 18 hearing, the trial court approved the parties' settlement agreement and expressed a present intention to render a divorce decree. *Compare S & A Rest. Corp. v. Leal*, 892 S.W.2d 855,

857 (Tex.1995) *and Dunn v. Dunn,* 439 S.W.2d 830, 832 (Tex.1969), *with James v. Hubbard,* 21 S.W.3d 558, 560 (Tex.App.-San Antonio 2000, no pet.) (holding that the court's statement, "I am *going* to grant the divorce in this case" was not a present intent to approve the divorce settlement).

▉▉▉ A finding of fact in a divorce decree that a child was born to the marriage of the parties is a binding determination that the husband is the father of the child.[1] *See Dreyer v. Greene,* 871 S.W.2d 697, 698 (Tex.1993); *In re T.S.S., a Child,* 61 S.W.3d 481, 485 (Tex.App.-San Antonio 2001, pet. denied); *Thompson v. Thompson,* 572 S.W.2d 761, 764–65 (Tex.Civ.App.-Tyler 1978, no writ). Other courts have held that a prior divorce decree bars a subsequent paternity action brought in a separate proceeding. *See Dreyer,* 871 S.W.2d at 698; *In re T.S.S., a Child,* 61 S.W.3d at 485; *Thompson,* 572 S.W.2d at 764–65. These courts base their decisions on the principles of res judicata or collateral estoppel. However, because Clarissa raised the paternity issue before the trial court signed a final judgment, res judicata and collateral estoppel do not apply. *See Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628–29 (Tex.1992) (res judicata); *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984) (collateral estoppel). This issue appears to be one of first impression because Clarissa raised the paternity issue in the divorce proceeding itself, although not until after the trial court had approved the parties' settlement and decreed a divorce in open court.

▉▉▉ We must decide whether the trial court abused its discretion in determining that Clarissa's paternity challenge was untimely because Clarissa initiated this challenge after the trial court had decreed a divorce in accordance with the parties' settlement agreement. John's original petition for divorce stated that J.T.B. was his child and that he believed Clarissa would enter into a written agreement providing for conservatorship and support of J.T.B. Clarissa did, in fact, execute a settlement agreement giving John primary possession of the child. The parties' settlement agreement named John and Clarissa as the joint conservators of the child and gave John the right to establish the child's primary residence. There is evidence in the record that Clarissa stated that John was not the father of J.T.B. during mediation. Nonetheless, Clarissa did not contest paternity at that time; instead, she signed the settlement agreement, agreeing to a divorce and giving John primary possessory rights to J.T.B.

Furthermore, on September 18, 2000, John testified in open court that J.T.B. was his son. Clarissa then testified that she agreed with all of John's testimony, which would include his testimony that he is J.T.B.'s father. Clarissa further testified that she entered into the settlement agreement of her own free will, without being forced, threatened, or coerced, that she understood she was under oath, and that she believed the settlement agreement was in the best interest of J.T.B. Clarissa asked the trial court to grant a divorce on September 18, 2000. The trial court granted this request, decreed a divorce, and found that the settlement agreement was in the best interest of J.T.B. Addressing John and Clarissa, the trial court referred to J.T.B. as "your son."

Clarissa had ample time and opportunity to contest paternity throughout the par-

---

1. Although J.T.B. was born before John and Clarissa married, John and Clarissa both gave testimony at the September 18 hearing indicating that J.T.B. was their child, and the trial court approved the parties' settlement and decreed a divorce on September 18 based on this testimony. The final divorce decree confirmed this by stating that J.T.B. was a child of the marriage and that John and Clarissa are his parents.

ties' divorce proceeding. She did not do so. Instead, she waited until after the trial court decreed divorce, a decree wholly in accordance with her settlement agreement and based in part on her testimony indicating that J.T.B. is John's son. On the facts of this case, we conclude the trial court did not abuse its discretion when it denied Clarissa's motion for new trial and ruled that Clarissa's paternity challenge was untimely. *See Ortmann v. Ortmann,* 999 S.W.2d 85,88 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (holding that knowledge at the time the original judgment was entered precludes subsequent assertion of paternity or order for paternity testing); *Keim v. Anderson,* 943 S.W.2d 938, 942–45 (Tex.App.-El Paso 1997, no writ) (holding that the trial court erred in ruling on intervention because it was untimely, having been filed after *oral* rendition of divorce decree); *Amanda v. Hon. John D. Montgomery,* 877 S.W.2d 482, 487 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (holding that, during a mandamus proceeding, because former husband knew of circumstances at the time of the divorce which should have caused him to contest paternity, he was precluded from obtaining an order for paternity testing by way of a bill of review); *Spears v. Haas,* 718 S.W.2d 756, 758 (Tex.App.-Corpus Christi 1986, orig. proceeding)(same as *Amanda* ); *Gaines v. Baldwin,* 629 S.W.2d 81, 82–83 (Tex.App.-Dallas 1981, no writ) (holding that trial court did not err in denying maternal grandparents' intervention and motion for new trial because intervention was untimely, having been filed six days

after *oral* rendition of judgment awarding custody to father of child); *see also Dreyer,* 871 S.W.2d at 698; *In re T.S.S., a Child,* 61 S.W.3d at 485; *Thompson,* 572 S.W.2d at 764–65. Moreover, J.T.B.'s interests were fully and adequately represented during the mediation and during the subsequent hearing on the merits of the divorce action. Because the trial court did not abuse its discretion in denying Clarissa's motion for new trial, we overrule Clarissa's first issue.

**B. Did the trial court abuse its discretion in failing to appoint an ad litem to represent the interests of J.T.B. after Clarissa raised the issue of paternity?**

▉ In her second issue, Clarissa argues the trial court erred by failing to appoint an ad litem to represent the interests of J.T.B. after paternity of the child became an issue. Clarissa argues she is entitled to a new trial.[2] In determining whether to appoint an ad litem in paternity proceedings, a trial court exercises its discretion. *See L.P.D. v. R.C.,* 959 S.W.2d 728, 730 (Tex.App.-Austin 1998, pet. denied); *In re J.D.G.,* 940 S.W.2d 246, 248–49 (Tex.App.-San Antonio 1997, no writ). The issue is whether circumstances exist which would cause a prudent trial judge to believe that the appointment of an ad litem is necessary to adequately represent and protect the child's interests. *See L.P.D.,* 959 S.W.2d at 730. Thus, the trial court's decision will not be overturned absent an abuse of discretion. *See id.*

In a paternity proceeding, the child is not a necessary party. In a trial on the

---

**2.** As an aside, Clarissa argues the trial court granted a *de facto* termination of J.T.B.'s rights to his real biological father without having him adequately represented by an ad litem under section 107.001 of the Family Code. Clarissa failed to develop this argument or provide this court with any authorities or analysis in support of her argument, and thus

has waived any error. *See* Tex.R.App. P. 38.1. Regardless, the section on which Clarissa relies deals with the appointment of an ad litem in a suit in which termination of the parent-child relationship is requested—not, as here, a suit to determine paternity of a child. *See* Tex. Fam.Code § 107.001(a).

merits, the trial court applies a rebuttable presumption that the interests of the child will be adequately represented by the party bringing suit to determine parentage. *See* Tex. Fam.Code § 160.003(a),(b); *see also R.M.H. v. Messick,* 828 S.W.2d 226, 228–29 (Tex.App.-Fort Worth 1992, no writ). However, if the court finds that the child's interests will not be adequately represented by a party to the suit or that the child's interests may be adverse to that party's interests, the court shall appoint an ad litem to represent the child. Tex. Fam. Code § 160.003(b). Section 160.003(c) states that a "child shall be represented in a settlement agreement, dismissal, or nonsuit by a guardian ad litem or an attorney ad litem *unless the court finds on the record that the interests of the child will be adequately represented by a party to the suit." Id.* § 160.003(c) (emphasis added). Although the present case involves a settlement agreement, Clarissa did not challenge paternity until after she had entered into the settlement agreement and the trial court had rendered judgment on that agreement. Furthermore, both subsections (b) and (c) contain the same underlying concern: that the interests of the child be adequately represented. *Id.* § 160.003(b), (c); *see also* Tex. Fam.Code § 107.001 (stating that "the purpose of the statute requiring an ad litem for the child is to protect the child's best interest").

■ Clarissa neither requested appointment of an ad litem nor objected to the trial court's failure to appoint one. When there are no circumstances causing a trial court to believe an ad litem is necessary, a party who does not request appointment of an ad litem and does not object to the failure to appoint one waives any error regarding the trial court's failure to appoint an ad litem. Tex.R.App. P. 33.1; *Bott v. Bott,* 962 S.W.2d 626, 630 (Tex.App.-Houston [14th Dist.] 1997, no pet.); *Linan v. Linan,* 632 S.W.2d 155, 157 (Tex.App.-

Corpus Christi 1982, no writ) (op. on reh'g). Because Clarissa failed to request the court to appoint an ad litem and failed to object to the court's failure to appoint one during the divorce proceedings, she has not preserved her complaint for appellate review.

■ In any event, even absent this waiver, there is nothing in the record to suggest how the trial court's judgment was adverse to the interests of J.T.B. John and Clarissa entered into a mediated settlement agreement and agreed at that time that the terms of the agreement were in the best interest of their son. Clarissa acknowledges that she signed the agreement notwithstanding her lingering questions about John's paternity. John has been the only father that J.T.B. has ever known. The record does not reveal the identity of the man Clarissa claims is J.T.B.'s father. Clarissa does not contend that another man has even been told that he has a son, nor does she point to any evidence which would even suggest that any other man wishes to take on the role of being J.T.B.'s father or of being part of his life. John has provided care, love, and support to J.T.B. since the day the child was born, and John is willing to continue providing this support and being a father to this eight-year-old boy. Finally, at the conclusion of the hearing, the trial court expressly found that the parties' agreement was in the best interest of their child, stating:

... I further find that the agreements that you've reached with respect to your son are in your son's best interest and therefore will approve and adopt those agreements as the order of this court.

Thus, in this case, we find that J.T.B.'s interests were adequately represented at mediation and that the agreement was in his best interests. *Compare In the Matter of J.D.G.,* 940 S.W.2d 246, 248 (Tex.App.-San Antonio 1997, no pet.) (holding that

the trial court had the discretion whether to appoint an ad litem and finding that the child's interests were adequately represented by the parties), *with L.P.D. v. R.C.,* 959 S.W.2d 728, 730 (Tex.App.-Austin 1998, pet. denied) (holding that there was no person before the court who understood the child's interests and the trial court abused its discretion in not ordering an ad litem to represent the child's interests), *and De La Rosa v. Vasquez,* 748 S.W.2d 23, 25 (Tex.App.-Amarillo 1988, no writ) (holding that unless the child's interests are adequately represented, the settlement agreement is void).

Accordingly, because Clarissa failed to timely object and J.T.B.'s interests were adequately represented during the settlement agreement, we find the trial court's failure to appoint an ad litem was not an abuse of discretion. We overrule Clarissa's second issue.

We affirm the trial court's judgment.