

# NUMBER 13-20-00424-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

YVONNE VELA,                                                   **Appellant,**

**v.**

GRAYSON MICHAEL SALAS AND
TIMOTHY LANGE,                                      **Appellees.**

---

## On appeal from the County Court at Law No. 3
## of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant Yvonne Vela challenges the trial court's granting of summary judgment in favor of appellees Grayson Michael Salas and Timothy Lange and the denial of her cross-motion for summary judgment. By two issues, Vela contends the trial court erred by: (1) granting appellees' motion for summary judgment and denying her motion for

summary judgment; and (2) refusing to strike a motion for summary judgment filed by Selina Ramos, Rene Ramos Jr., and Emily Ramos (collectively, Ramos Plaintiffs).[1] We affirm.[2]

## I.  BACKGROUND

Vela was married to Rene Ramos on May 16, 2015. In June of 2018, Vela moved out of their marital home and subsequently filed for divorce on July 2, 2018. On March 15, 2019, a final hearing was held in the divorce proceeding. During the hearing, an agreed division of property was read into the record and Vela and Rene testified that they were requesting a divorce consistent with the agreement. The trial court stated: "All right. The divorce will be granted today. If somebody will reduce it to writing, I'll be glad to sign it for you." Vela's counsel agreed to prepare the decree for the court.

On April 6, 2019, less than one month later, Rene was involved in a motor vehicle accident with appellees. He succumbed to his injuries and passed away on April 7, 2019. On April 18, 2019, Rene's divorce counsel submitted a proposed final divorce decree to the trial court. On April 25, 2019, Vela's divorce counsel also filed a proposed final divorce decree. A hearing was held on May 7, 2019, and on May 15, 2019, the trial court signed the final decree of divorce.

---

[1] Selina Ramos, Rene Ramos Jr., and Emily Ramos were plaintiffs in the underlying cause in which Vela intervened. Vela challenges the trial court's granting of summary judgment in favor of the Ramos Plaintiffs; however, the Ramos Plaintiffs have not filed a brief in this appeal.

[2] In a separate proceeding, under appellate cause number 13-21-00233-CV, Vela challenged the dismissal of her petition bill of review seeking to set aside an heirship order which "omitted her as the surviving spouse of" the deceased, Rene Ramos. As explained below, we agree that Vela is not Rene's surviving spouse. Accordingly, on this same day, this Court affirmed the judgment in appellate cause number 13-21-00233-CV. *See In re* Ramos, No. 13-21-00233-CV, 2022 WL _____, at *__ (Tex. App.—Corpus Christi–Edinburg July 28, 2022, no pet. h.).

On April 22, 2019, after Rene's death, his surviving children, the Ramos Plaintiffs, filed their original petition asserting claims against appellees under the wrongful death and survival statutes. Almost a year later, on April 7, 2020, Vela filed her intervention in the Ramos Plaintiffs' underlying suit seeking recovery under the wrongful death statute, alleging she is the surviving spouse of Rene. The Ramos Plaintiffs and appellees mediated the underlying suit and reached a settlement agreement on their claims in July 2020. Appellees then filed their traditional and no-evidence motion for summary judgment, arguing Vela was not married to Rene at the time of his death and therefore Vela lacked standing to assert a wrongful death claim against appellees. Vela responded and filed a cross-motion for traditional summary judgment. The Ramos Plaintiffs filed a traditional and no evidence summary judgment, mirroring those arguments made by appellees. Vela responded and filed a cross-motion for summary judgment; she also filed an objection to the Ramos Plaintiffs' motion. After additional replies and responses were filed by Vela and appellees, the trial court held a hearing on the motions for summary judgment. The trial court determined that Vela and Rene were not married at the time of his death and therefore granted summary judgment in favor of appellees and the Ramos Plaintiffs. This appeal followed.

## II.     APPELLEES' SUMMARY JUDGMENT MOTION

By her first issue, Vela contends the trial court erred in granting appellees' motion for summary judgment and denying hers. The parties contested whether Vela and Rene were married at the time of his death, implicating her standing to bring a wrongful death claim.

3

## A. Standard of Review

"On cross-motions for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law." *City of Garland v. Dall. Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). When the trial court grants one motion and denies the other, as is the case here, we "determine all questions presented" and "render the judgment that the trial court should have rendered." *Id.*; *Tarr v. Timberwood Park Owners Ass'n*, 556 S.W.3d 274, 278–79 (Tex. 2018). If we determine that a fact issue precludes summary judgment for either party, we remand the cause for trial. *See Univ. of Tex. Health Sci. Ctr. at Hous. v. Big Train Carpet of El Campo, Inc.*, 739 S.W.2d 792, 792 (Tex. 1987).

When a plaintiff moves for summary judgment on her own claim, she must conclusively prove all essential elements of her cause of action. *Rhône–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). When a defendant moves for summary judgment, it must either (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995); *Yazdchi v. Bank One, Tex., N.A.*, 177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). When deciding whether there is a disputed, material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference must be indulged in favor of the non-movant and any doubts must be resolved in the non-movant's favor. *Id.* at 549.

4

**B.      Standing**

"Standing is a constitutional prerequisite to maintaining suit in either federal or state court." *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)). "The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). "The general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Tex. Ass'n of Bus.*, 852 S.W.2d at 446 (quoting *Bd. of Water Eng'rs v. City of San Antonio*, 283 S.W.2d 722, 724 (Tex. 1955)); *see also Sneed v. Webre*, 465 S.W.3d 169, 179–80 (Tex. 2015). For wrongful death, the persons who may bring an action are the surviving spouse, the children, and the parents of the deceased. TEX. CIV. PRAC. & REM. CODE ANN. § 71.004.

**C.      Analysis**

**1.      Rendition of Judgment**

Vela contends that she is Rene's surviving spouse, arguing that the divorce was not finalized before his death and therefore the May 15, 2019 decree "is of no force and effect and does nothing to affect [her] status as [Rene's] surviving spouse and statutory wrongful death beneficiary." *See Pollard v. Pollard*, 316 S.W.3d 246, 250 (Tex. App.—Dallas 2010, no pet.) ("However, in Texas, it is well settled that a cause of action for a divorce is purely personal and that the cause of action for a divorce terminates on the death of either spouse prior to the rendition of a judgment granting a divorce." (internal

5

quotation omitted)). In response, appellees argue that the divorce was finalized at the March 15, 2019 hearing and was merely memorialized in writing after Rene's death. *See Dunn v. Dunn*, 439 S.W.2d 830, 832–33 (Tex. 1969) (holding that an oral rendition of divorce constituted a final judgment even though the judgment was not signed until after spouse's death).

Here, after the parties presented their agreed-upon division of property in open court and confirmed their intent to be divorced, the trial court stated on the record: "All right. The divorce will be granted today. If somebody will reduce it to writing, I'll be glad to sign it for you." No decree was signed before Rene's death. It is well settled that a cause of action for a divorce is purely personal and abates on either party's death prior to the rendition of judgment on the merits. *Whatley v. Bacon*, 649 S.W.2d 297, 299 (Tex. 1983) (orig. proceeding) ("Death of a party abates a divorce action and its incidental inquiries of property rights and child custody."); *McKenzie v. McKenzie*, 667 S.W.2d 568, 571–72 (Tex. App.—Dallas 1984, no writ). However, when a trial court has properly rendered judgment that is a full and final adjudication of the merits of the issues in a divorce case, including the property rights of the parties, the cause does not abate when a party dies. *See Dunn*, 439 S.W.2d at 833; *Novotny v. Novotny*, 665 S.W.2d 171, 173–74 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd). "Thus a written judgment signed by the trial judge is not a prerequisite to the finality of a judgment." *Dunn*, 439 S.W.2d at 832–33.

Vela argues that the trial court's use of future tense in stating "will be granted today" did not constitute a rendition of judgment because the words used do not signify a present

6

rendition of judgment. *See S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex.1995); *James v. Hubbard*, 21 S.W.3d 558, 561 (Tex. App.—San Antonio 2000, no pet.); *see also In re M.G.F.*, No. 02-07-00241-CV, 2008 WL 4052992, at *2 (Tex. App.—Fort Worth Aug. 28, 2008, no pet.); (mem. op.); *Hall v. Hall*, No. 05-16-01141-CV, 2018 WL 1373951, at *1 (Tex. App.—Dallas Mar. 19, 2018, no pet.) (mem. op.). While we agree several cases have determined there was no oral rendition of judgment where similar words were used, we agree with appellees that the cases Vela relies upon can be distinguished from the present case.

In *Leal*, it was held that the trial court did not orally render judgment on an approved settlement agreement. 892 S.W.2d at 858. The trial court there, however, specifically made mention on the record "that the case was not to be 'full, final[,] and complete' until after the judgment was signed." *Id.* Here, in contrast, the trial court stated that the divorce "will be" granted "today," and he would sign the decree upon receiving it in writing. There was no indication by the trial court that the case was still pending until he signed the agreed decree. *See id.* In fact, the trial court went on to congratulate the parties on their divorce at the conclusion of the hearing, indicating the rendition of a final judgment.

*Hubbard* involved the following language used by the trial court: "I am going to grant the divorce in this case. I want a final divorce decree sitting on my desk no later than Wednesday signed off on by both parties or I want it set to enter a judgment three days later." 21 S.W.3d at 561. Because the trial court ordered the preparation of a "final decree" from the parties, the San Antonio Court of Appeals held it was unclear from the record whether the trial court "intended to render judgment orally at the hearing or when

7

he signed the final divorce decree." *Id.* Vela contends these facts are similar to the present case, arguing that the trial court also requested a decree that he intended to sign.

The trial court in *Hubbard* requested the preparation of a "final divorce decree" and stated that, if a decree is not agreed upon by the parties, the case would be "set to enter a judgment" at a later date. On the other hand, the trial court here did not indicate that the judgment had not yet been rendered. Additionally, where the Houston Court of Appeals in *Baize* held that a judgment was rendered when the trial court stated "I'll grant your divorce today," as the trial court stated here, in *Hubbard* the trial court indicated it was "going" to grant the divorce at some undetermined future time, not that it was or will be granted "today." *See Baize v. Baize*, 93 S.W.3d 197, 200–01 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

Vela also cites *In re M.G.F.* and *Hall* for the same proposition regarding future intent. *See In re M.G.F.*, 2008 WL 4052992, at *3; *Hall*, 2018 WL 1373951, at *1. We first note these are unpublished decisions that have no precedential value, but are merely persuasive authority. *See* TEX. R. APP. P. 47.7(b). Furthermore, the facts in those cases are distinguishable. First, in *In re M.G.F.*, the trial court stated in its own findings of fact that it "did not orally render judgment," and the Fort Worth Court of Appeals held the trial court's findings of fact, which were unchallenged, were "binding" upon it "unless the contrary is established as a matter of law." 2008 WL 4052992, at *2 (first citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); and then citing *Raman Chandler Props., L.C. v. Caldwell's Creek Homeowners Ass'n*, 178 S.W.3d 384, 390 (Tex. App.—Fort Worth 2005, pet. denied)). Here, there is no such finding. Instead, the challenged order

8

specifically finds as a matter of law that Vela and Rene were not married at the time of Rene's death.

Vela contends that the use of the word "will" refers to an action that the trial court "is going to take." Her contention is based largely on the findings in *Hall*, wherein the Dallas Court of Appeals found that the trial court's oral pronouncements were not a rendition of judgment, but rather a statement of future intent to approve the divorce. 2018 WL 1373951, at *2 ("Words indicating what the trial judge 'will grant' and 'will approve' do not signify a present rendition of judgment." (citations omitted)). In *Hall*, "the trial court stated, 'I'll grant the divorce. I'll approve the agreement of the parties.' Husband's attorney agreed to draft the decree, and the trial court said, '[G]et that to me, I'll get it signed.'" *Id.* at *1. Appellees argue that *Hall* is distinguishable because the language used there lacks the word "today." We agree. Accordingly, we decline to follow the holding in *Hall*.

"A judgment routinely goes through three stages: rendition, reduction to writing and judicial signing, and entry." *Henry v. Cullum Co.*, 891 S.W.2d 789, 792 (Tex. App.—Amarillo 1995, writ denied). A judgment is "rendered" when the trial court's decision upon the matter submitted to it for resolution is officially announced either orally in open court or by memorandum filed with the clerk. *Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex. 1982); *Henry*, 891 S.W.2d at 792. The rendition of the trial court's decision, whether in open court or by official document of the court, is the critical moment when the judgment becomes effective. *Henry,* 891 S.W.2d at 792. "The signature of the trial court upon the writing is merely a ministerial act of the court conforming to the provision of Rule 306a(2) of the Texas Rules of Civil Procedure which calls for 'all judgments, decisions

9

and orders of any kind to be reduced to writing and signed by the trial judge with the date of signing stated therein.'" *Id.* A judgment is "entered" when it is recorded in the minutes of the trial court by a purely ministerial act of the trial court's clerk, thereby providing enduring evidence of the judicial act. *Id.*

Entry of a written order is considered a ministerial act reflecting the trial court's action following the rendering of a judgment. *See Dunn*, 439 S.W.2d at 832–33; *Bakali v. Bakali*, 830 S.W.2d 251, 254 (Tex. App.—Dallas 1992, no writ); *Liberty Mut. Ins. v. Woody*, 640 S.W.2d 718, 721 (Tex. App.—Houston [1st Dist.] 1982, no writ). "The rendition of judgment is a present act, either by spoken word or signed memorandum, which decides the issues upon which the ruling is made." *Leal*, 892 S.W.2d at 858 (internal citation omitted); *Hubbard*, 21 S.W.3d at 561. To be a judgment, the trial court's oral pronouncement must indicate intent to render a full, final, and complete judgment at the time the words are expressed. *Leal*, 892 S.W.2d at 858. Thus, the words, "[Y]our divorce is granted," constitute a rendition of judgment, as do the words, "I'll grant your divorce today." *In re Marriage of Joyner*, 196 S.W.3d 883, 887 (Tex. App.—Texarkana 2006, pet. denied); *Baize*, 93 S.W.3d at 200. We follow the holding in *Baize*, that the words "I'll grant your divorce today" constitute a rendition of judgment. 93 S.W.3d at 200; *see Balogh v. Ramos*, 978 S.W.2d 696, 700 (Tex. App.—Corpus Christi–Edinburg 1998, pet. denied) (concluding that trial court's statements on the record that it would grant certain relief and damages constituted rendition of judgment); *see also Lauterbach v. Lauterbach*, No. 13-21-00174-CV, 2022 WL 1787673, at *4 (Tex. App.—Corpus Christi–Edinburg June 2, 2022, no pet. h.).

10

### 2. Docket Sheet

To the extent that Vela contends the docket sheet supports her argument that judgment was not rendered at the March 15 hearing, we find this argument unpersuasive. "A docket entry forms no part of the record which may be considered; it is a memorandum made for the trial court's convenience." *Jauregui Partners, Ltd. v. Grubb & Ellis Commercial Real Estate Servs.*, 960 S.W.2d 334, 336 (Tex. App.—Corpus Christi–Edinburg 1997, pet. denied); *see Energo Int'l Corp. v. Modern Indus. Heating, Inc.*, 722 S.W.2d 149, 151 (Tex. App.—Dallas 1986, no writ) (first citing *Azopardi v. Hollebeke*, 428 S.W.2d 167, 168 (Tex. App.—Waco 1968, no writ); and then citing *Restelle v. Williford*, 364 S.W.2d 444, 445 (Tex. App.—Beaumont 1963, writ ref'd n.r.e.)). "Evidence beyond the words of the trial court at the time of the alleged judgment, such as later statements and writings by the court, is not controlling, but such evidence may be considered in ascertaining whether the trial court intended to render judgment at the time of the alleged oral rendition." *Araujo v. Araujo*, 493 S.W.3d 232, 237 (Tex. App.—San Antonio 2016, no pet.). Here, the docket sheet indicates that the March 15, 2019 hearing was a "FINAL HRG," but Vela contends that because there was a second "final hearing" on May 7, 2019, after Rene's death, the court's statement at the March 15, 2019 hearing did not constitute the final rendition of judgment. "[T]he finality of a judgment that settles the rights[] controverted by the parties is not affected by the fact that further proceedings may be required to carry it into full effect . . . if they are merely incidental to the proper execution of the judgment." *Ferguson v. Ferguson*, 338 S.W.2d 945, 947 (Tex. 1960). Vela does not present any supported argument that the additional hearing was not "merely incidental to

11

the proper execution of the judgment," and to the extent she argues certain portions of the decree were reconsidered at that hearing, we follow the holding in *Dunn* that a court maintains jurisdiction to reconsider the property rights incidental to the divorce or dissolution of the marriage itself even after the death of a party following the rendition of the divorce decree. *See Dunn*, 439 S.W.2d at 833–34; *see also In re Marriage of Wilburn*, 18 S.W.3d 837, 843 (Tex. App.—Tyler 2000, pet. denied).

### 3. Standing

Having determined the trial court's oral pronouncement at the March 15, 2019 hearing was a final rendition of judgment, we determine the trial court did not err in granting appellees' motion for summary judgment as Vela was not the surviving spouse of Rene and therefore lacked standing to intervene in the Ramos Plaintiffs' wrongful death action. *See Williams*, 52 S.W.3d at 178 (citing *Tex. Ass'n of Bus.*, 852 S.W.2d at 444); Tex. Civ. Prac. & Rem. Code Ann. § 71.004.[3]

---

[3] Though Vela does not argue a separate issue regarding her lack of signature on the decree, she does reference this fact and briefly contends that she was "misled" by her divorce attorney. She makes the statement that she "did not consent to her Formal Decree and she did not sign the Decree." To the extent Vela is attempting to argue her lack of consent negates the decree, or she received ineffective assistance of counsel, we find these arguments to be waived for inadequate briefing. *See* Tex. R. App. P. 38.1. Further, we have previously held that where a divorce settlement agreement is read into the record, approved of and granted on the record, and the parties subsequently submit a decree only signed by one party, the trial court does not abuse its discretion in entering the judgment and thereafter denying a motion for new trial on the basis that the entry of judgment lacked a party's signature. *Nava v. Nava*, No. 13-97-00063-CV, 1998 WL 35277017, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 13, 1998, no pet.) (mem. op.); *see also In re J.P.*, No. 13-18-00648-CV, 2020 WL 103858, at *4 (Tex. App.—Corpus Christi–Edinburg Jan. 9, 2020, pet. denied) (holding that "because the trial court rendered judgment on that day, Mother's subsequent attempts to withdraw her consent were futile"); *Castorena v. Castorena*, No. 13-18-00492-CV, 2020 WL 6343335, at *3 (Tex. App.—Corpus Christi–Edinburg Oct. 29, 2020, no pet.); *see generally Sigma Sys. Corp. v. Elec. Data Sys. Corp.*, 467 S.W.2d 675, 677 (Tex. App.—Tyler 1971, no writ) ("As a matter of professional courtesy, . . . counsel may approve as a matter of form a proposed judgment. Such approval is not a condition precedent to the entry of the judgment by the Court."); *Locke v. Ratliff*, 351 S.W.2d 649, 652 (Tex. App.—Amarillo 1961, writ ref'd n.r.e.) (observing that while "justice would be better served if both parties were given the right to approve the judgment as to form before it is entered," there was "no authority" by which the appellate court could "reverse the case because such procedure was not followed").

We overrule Vela's first issue.[4]

### III.   RAMOS PLAINTIFFS' SUMMARY JUDGMENT MOTION

By her second issue, Vela argues that the trial court erred "by refusing to strike the [Ramos Plaintiffs'] Motion for Traditional and No-Evidence Summary Judgment." Specifically, she contends that because the Ramos Plaintiffs settled their claims against appellees and had no claims to assert against Vela, nor did Vela assert any claims against the Ramos Plaintiffs, their motion should have been stricken. Vela does not provide this Court with the standard of review for the denial of her motion to strike, nor does she cite any authority relating to a motion to strike. Instead, Vela asserts that the Ramos Plaintiffs "had no basis to file" their summary judgment motion. While she provides citations regarding the burden on a party asserting summary judgment, she does not provide any applicable law supporting her argument that the Ramos Plaintiffs could not file their motion. *See* TEX. R. APP. P. 38.1(i) (listing appellant briefing requirements). Accordingly, we conclude this issue is inadequately briefed. *Id.* Furthermore, the Ramos Plaintiffs' motion mirrored that of appellees' and sought no additional rulings from the trial court, and we have already determined the trial court did not err in finding that Vela was not the surviving spouse of Rene.

We overrule Vela's second issue.

---

[4] Having determined the trial court did not err granting appellees' traditional motion for summary judgment based on standing grounds, we need not address Vela's sub-issues related to collateral estoppel, res judicata, or appellees' no evidence motion for summary judgment as they are not dispositive. *See* TEX. R. APP. P. 47.1.

## IV.    Conclusion

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Delivered and filed on the
28th day of July, 2022.